UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOLLY PRUIETT, a/k/a<br>HOLLY SHORT,<br>　　　　Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)　No. _____<br>)<br>)<br>)<br>) |

**COMPLAINT**

COMES NOW Plaintiff, by and through her undersigned counsel, and for her Complaint, states as follows:

**Count I: Federal Tort Claims Act/Vicarious Liability for
Negligent Inflection of Emotional Distress**

1. This Complaint is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674, which provides that the "United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances[.]"

2. The Court has jurisdiction pursuant to 28 U.S.C. 1331

3. Plaintiff resides in the Southern District of Illinois.

4. No real property is involved in this action.

5. This Court is therefore a proper venue pursuant to 28 U.S.C. § 1391(e)(1).

6. On June 3, 2019, William Luchtefeld ("Luchtefeld") was a resident of Madison County, Illinois and a citizen of the State of Illinois.

7. On that date, Luchtefeld was employed by this Defendant as a nurse practitioner at a Veterans Administration ("VA") facility, which subjects the United States of America to liability under the FTCA, 28 U.S.C. 2674.

8. As of that date, Luchtefeld was serving as Plaintiff's primary medical provider.

9. On that date, Plaintiff had a routine follow-up appointment at Defendant's facility, for a "primary care provider established visit."

10. Luchtefeld's examination of Plaintiff and other patients was done to further the business or interests of his employer, under its general authority and direction.

11. Luchtefeld's examination of Plaintiff and other patients arose from the performance of Defendant's work.

12. Defendant's records show that Plaintiff had a mammogram with a negative biopsy in November of 2018.

13. On June 3, 2019, Plaintiff stated she was seeking treatment for ongoing abdominal pain on her right side, just below her rib line.

14. During the examination, Luchtefeld asked Plaintiff about her anxiety, and Plaintiff reported that she had been "doing better."

15. During the examination, Luchtefeld began holding Plaintiff's sides and rubbing on her nipples with his thumbs. Luchtefeld then suggested to Plaintiff that she needed a pelvic exam, which Plaintiff refused. Plaintiff left before any further contact could occur.

16. Plaintiff did not anticipate that Luchtefeld would rub her nipples with his thumbs as part of the examination, nor did she consent to it.

17. The actions referred to in paragraphs 15 and 16 were a violation of Plaintiff's constitutional right to bodily integrity.

18. Defendant, by and through its employee, had a duty to engage in reasonable conduct for the benefit of the plaintiff, and to guard against any emotional distress which could naturally flow as a reasonably probable and foreseeable consequence of its employees' actions, due to its special relationship with Plaintiff as her medical provider, and due to its knowledge as of June 3, 2019 that her past medical history included post-traumatic stress disorder, and that she had had anxiety.

19. Defendant breached that duty by the conduct described in Paragraphs 15 and 16.

20. On February 10, 2020, Plaintiff reported to other employees of this Defendant that she was in need of mental health services as a result of the foregoing incident.

21. As a proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer emotional distress, including but not limited to aggravation of depression, anxiety, and post-traumatic stress disorder ("PTSD") she sustained following two tours of duty in Iraq, and has suffered and will continue to experience pain and suffering, impaired relationships with her spouse and family, and loss of a normal life, and she has had to and will continue to have to seek counseling.

22. On May 28, 2021, Defendant received Plaintiff's administrative claim via UPS 2nd Day Commercial delivery. Exhibit 1. It was addressed to Department of Veteran Affairs Office of General Counsel, 810 Vermont Ave. NW, Torts Law Group, Washington, DC 20420-0001. *See* Exhibit 2. This is the address this agency listed as the proper address for the submission of FTCA claims as of May of 2021. Exhibit 3.

23. Plaintiff received a final determination of the claim, as required by 28 U.S.C. 2401(b) denying her claims, which entitles her to bring suit under the Federal Tort Claims Act; the denial letter is dated November 16, 2021.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in her favor and against defendant the United States of America in an amount which is fair and reasonable under the circumstances, but in any event in excess of $75,000, for costs, and for such other and further relief as justice may require.

### Count II: Federal Tort Claims Act/Direct Negligence for Negligent Supervision

COMES NOW Plaintiff, by and through her undersigned counsel, and for Count II of her Complaint, states as follows:

1-23. Plaintiff adopts and incorporates paragraphs 1-23 of Count I as and for paragraphs 1-23 of this Count II.

24. At all times relevant, Luchtefeld was upon Defendant's premises and was privileged to enter them as Defendant's employee.

25. At all times relevant, Defendant knew and had reason to know that it had the ability to control Luchtefeld, as he was employed by Defendant.

26. At all times relevant, Defendant knew or should have known of the necessity and opportunity for exercising such control to avoid creating an unreasonable risk of harm to its patients, based on any knowledge it knew or should have known specific to Luchtefeld's previous interactions with female patients, and any knowledge it knew or should have known as to the circumstances of having a female patient below the age of 35 physically examined by a male medical practitioner near the age of 60.

27. Defendant breached the aforementioned duties in one or more of the following respects:

  a. It did not have a female nurse or other assistant present during the examination;

  b. It did not inform Luchtefeld or Plaintiff that the examination was being recorded;

  c. On information and belief, it did not have any devices recording the examination;

  d. It did not have any other systems or measures in effect to deter misconduct during the examination.

28. As a proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer emotional distress, including but not limited to aggravation of depression, anxiety, and post-traumatic stress disorder ("PTSD") she sustained following two tours of duty in Iraq, and has suffered and will continue to experience pain and suffering, impaired relationships

with her spouse and family, and loss of a normal life, and she has had to and will continue to have to seek counseling.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in her favor and against defendant the United States of America in an amount which is fair and reasonable under the circumstances, but in any event in excess of $75,000, for costs, and for such other and further relief as justice may require.

### Count III: Federal Tort Claims Act/Direct Negligence for Negligent Hiring and Retention Prior to June 3, 2019 Incident

COMES NOW Plaintiff, by and through her undersigned counsel, and for Count III of her Complaint, states as follows:

1-23. Plaintiff adopts and incorporates paragraphs 1-23 of Count I as and for paragraphs 1-23 of this Count III.

24. At all times relevant, Luchtefeld was Defendant's employee.

25. On information and belief, prior to June 3, 2019, Defendant knew or should have known of Luchtefeld's dangerous proclivities, but it nevertheless hired and subsequently retained him as an employee who could provide unsupervised medical examinations to his patients.

26. Because Defendant hired and subsequently retained Luchtefeld as an employee who could provide unsupervised medical examinations to his patients, Luchtefeld had the opportunity to conduct an unsupervised medical examination of Plaintiff on June 3, 2019.

27. As a proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer emotional distress, including but not limited to aggravation of depression,

anxiety, and post-traumatic stress disorder ("PTSD") she sustained following two tours of duty in Iraq, and has suffered and will continue to experience pain and suffering, impaired relationships with her spouse and family, and loss of a normal life, and she has had to and will continue to have to seek counseling.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in her favor and against defendant the United States of America in an amount which is fair and reasonable under the circumstances, but in any event in excess of $75,000, for costs, and for such other and further relief as justice may require.

### Count IV: Federal Tort Claims Act/Direct Negligence for Negligent Hiring and Retention Following Plaintiff's Report on July 29, 2019

COMES NOW Plaintiff, by and through her undersigned counsel, and for Count III of her Complaint, states as follows:

1-23.   Plaintiff adopts and incorporates paragraphs 1-23 of Count I as and for paragraphs 1-23 of this Count IV.

24.   At all times relevant, Luchtefeld was Defendant's employee.

25.   On July 29, 2019, Plaintiff called Defendant's VA facility to report symptoms following a tick bite.

26.   During the telephone call, Defendant recommended that Plaintiff follow up with Luchtefeld within 3 days.

27.   Plaintiff replied, ""I am not comfortable going back to him, but I am afraid to transfer care because he can go in my records and screw them up."

28. Defendant's employee did not follow up with Plaintiff to find out what had happened to cause Plaintiff not to be comfortable to go back to him.

29. Defendant's employee instead recorded the following in Plaintiff's records:

> I assured her that providers are not able to false document, and recommend that she sign up for My HealthyVet in order to monitor her records. Also, informed her that if she has a problem with any provider, she can transfer care, or contact the Patient Advocate. Informed her that she can come to JC ER for care, or go to Urgent Care via the Mission Act. She states that with her husband being hospitalized, and having to care for children, she chooses not to seek care at this time.

30. Because Defendant's employees did not follow up with Plaintiff to find out what had happened to cause Plaintiff not to be comfortable to go back to him, during this conversation or by having the Patient Advocate or some other employee contact her, Luchtefeld remained employed by Defendant.

31. Luchtefeld was employed by Defendant until at least November 21, 2019, when he sexually abused a patient during an acupuncture appointment. He was fired sometime during or before January of 2020, when the VA police arrested him for that incident.

32. Because Defendant retained Luchtefeld as an employee who could provide unsupervised medical examinations to his patients and who had access to Plaintiff's medical records even after Plaintiff's report on July 29, 2019, Plaintiff did not seek treatment for the mental health services she needed as a result of the June 3, 2019 incident until February 10, 2020, after she learned Luchtefeld was no longer employed at that facility.

33. As a proximate result of Defendant's conduct, which caused the delay in treatment referred to in the preceding paragraph, Plaintiff has suffered and will continue to suffer emotional distress, including but not limited to further aggravation of depression, anxiety, and post-traumatic stress disorder ("PTSD") she sustained following two tours of duty in Iraq, and has suffered and will continue to experience pain and suffering, impaired relationships with her spouse and family, and loss of a normal life, and she has had to and will continue to have to seek counseling.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in her favor and against defendant the United States of America in an amount which is fair and reasonable under the circumstances, but in any event in excess of $75,000, for costs, and for such other and further relief as justice may require.

Respectfully submitted,

ARMBRUSTER DRIPPS BLOTEVOGEL, LLC

By: ___/s/ Michael Blotevogel___
Michael T. Blotevogel #6282543
Charles W. Armbruster III #6211630
Roy C. Dripps #6182013
51 Executive Plaza Ct.
Maryville, Illinois  62062
Phone:  618/208-0320
Fax:    800/927-1529
mikeb@adwblaw.com;
charlesa@adwblaw.com
royd@adwblaw.com

AND

Justin B. Mattea #6277984
MATTEA HERMANSON LAW, LLC
2416 N. Center St.
P.O Box 369
Maryville, IL 62062
Phone (618) 223-8200
Fax (618) 223-8355
jmattea@justinmattealaw.com
***ATTORNEYS FOR PLAINTIFF***