IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HOLLY PRUIETT, a/k/a<br>HOLLY SHORT,<br><br>    Plaintiff,<br><br> vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:22-cv-992-DWD |
| UNITED STATES OF AMERICA,<br><br>    Third-Party Plaintiff,<br><br> vs.<br><br>WILLIAM LUCHTEFELD,<br><br>    Third-Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

**PROTECTIVE ORDER**

Before the Court are the Unopposed Motion for Protective Order (Doc. 37) and the Proposed Protective Order. In those documents, the parties indicate that they have produced initial discovery responses and the associated productions. The United States anticipates that the production of additional documents will result in the discovery of confidential, sensitive, and/or otherwise private materials, including discovery related to the personnel materials of Third-Party Defendant Luchtefeld, the sensitive allegations against him, and materials implicating the Privacy Act of 1974, 5 U.S.C. § 552a. Therefore, for good cause shown under Federal Rule of Civil Procedure 26(c), the Court **GRANTS** the Unopposed Motion and **ADOPTS** this Protective Order. *See*, *generally*, *Elder v. Bimbo*

*Bakeries USA, Inc.*, No. 21-cv-637, 2022 WL 3443766, *2-3 (S.D. Ill. Aug. 17, 2022) (discussing the requirements for stipulated protective orders under Rule 26(c)).

The Court **FINDS** and **ORDERS** as follows:

1. Following the exchange of discovery requests, the United States reasonably anticipates the production of documents implicating confidentiality, privacy, and/or security concerns, if released generally, including personnel materials of Third-Party Defendant Luchtefeld and documents relating to the sensitive allegations against him. The bulk of such material arguably implicates The Privacy Act of 1974, 5 U.S.C. § 552a.

2. Pursuant to 5 U.S.C. § 552a(b)(11), the Court finds it necessary and appropriate to enter this Protective Order to permit and govern such disclosure of information, including information that would create security concerns and/or is otherwise protected from disclosure under the Privacy Act.[1]

3. Documents produced by the United States pursuant to this Protective Order shall be clearly marked and identified as "CONFIDENTIAL."

4. In the event materials produced pursuant to this Protective Order are referenced or utilized in any depositions to be filed with the Court, the deposition transcript shall be appropriately redacted and/or filed under seal. Such usage will result in the relevant portions of the deposition transcript being deemed subject to this Protective Order.

---

[1] *See* 5 U.S.C. § 552a(b)(11) ("No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be…pursuant to the order of a court of competent jurisdiction.").

5. This Protective Order does not restrict, limit, alter, or affect the access of any employees of the United States or other federal agencies who would be otherwise permitted to access the information in the scope of their employment. Federal employees who have authority to access said materials may do so with such access not subject to the terms of this Protective Order.

6. If materials subject to this Protective Order are used in any proceeding, they shall not lose their protection through such use and all parties shall take all steps reasonably required to protect said information. In this respect, if the materials are to be used or referenced in pleadings, motions, or at trial, the materials shall be maintained under seal until such time as the Court can examine and determine whether they may be made public.

7. Nothing herein shall be construed to require counsel to continually label their notes and work product as "CONFIDENTIAL".

8. The terms of this Protective Order shall extend to any consultants and/or expert witnesses retained and/or disclosed by the parties.

9. Maintenance of any materials produced under this Protective Order shall be subject to further Order of this Court. In the event that a dispute arises over the designation, production, or redaction of said materials, the parties shall first seek to resolve by agreement and without involvement of the Court.

10. The parties shall, by motion showing good cause under the relevant authorities, seek leave of the Court before filing documents under seal or with redactions.

**SO ORDERED.**

Dated: May 24, 2023

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge